**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

GEORGE STANBERRY                                                                          PLAINTIFF

V.                                                                                  NO. 2:09CV085-M-D

COAHOMA COUNTY JAIL, et al.                                                           DEFENDANTS

**MEMORANDUM OPINION**

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed pursuant to 42 U.S.C. § 1983. The court finds that the Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Plaintiff complains that he was bitten by ants while housed at Coahoma County Jail. The Plaintiff claims that he had red bumps as a result of the bites and had difficulty sleeping because he was afraid of being bitten. The Plaintiff is seeking only equitable relief and asks that the "ant problem be taken care of." Since initiating this civil suit, the Plaintiff has been relocated to the Mississippi State Penitentiary at Parchman.

Federal courts are permitted to "pierce the veil" of a prisoner's *in forma pauperis* complaint reviewing "factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Complaints about prison conditions are analyzed under the Eighth Amendment which prohibits cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eight Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim arising out of conditions of his confinement. That is, the injury must be more than *de*

*minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

The Plaintiff's only stated "injury" involve the red bumps which developed as a result of the ant bites. Although admittedly unpleasant, there is no indication that the bumps or rash was severe enough to warrant medical attention or had any lasting effects. A rash cause by ant bites, as described by the Plaintiff, can hardly rise to the level of the physical injury necessary to warrant relief under § 1983. *E.g. Gins v. J.B. Evans Correctional Center*, No. 08-1475, 2009 WL 196199 at **3-4 (W.D. La. Jan. 23, 2009) (a rash developed as a result of taking cold showers was *de minimis*); *Armstead v. Hanson*, 04-1666, 2007 WL 519671 at *2 (W.D. La. Jan. 22, 2007 ) (spider bit resulting in swelling anf fever was de minimis injury); *Knight v. McGee*, No. 2:06cv129, 2007 WL 3506462 at *4 (S.D. Miss. Nov. 14, 2007) (beatle bit which caused inmate's face to swell was insufficient to state a claim).

Similarly, the Plaintiff may not recover damages for emotional distress absent a physical injury. Since the Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Furthermore, the Plaintiff has been removed from the conditions he complained of at Coahoma County Jail which renders the likelihood of a future exposure to ant bites only a speculative possibility. He has, therefore, failed to state a valid claim for the injunctive relief he seeks. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A final judgment shall issue in accordance with this opinion.

THIS the 22nd day of June, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**